IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Gregory L. Blackless, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12cv467 (LMB/JFA) |
| | ) | |
| Eddie Pearson, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

Gregory L. Blackless, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants Warden Eddie Pearson, Investigator John Bendrick, and Sergeant Hazel Vaughn[1]—former Inmate Hearings Officer at Powhatan Correctional Center ("PCC")—employed procedures that violated his constitutional rights before and during a disciplinary hearing at PCC. Warden Pearson and Investigator Bendrick filed a joint Motion for Summary Judgment on February 19, 2013 and informed plaintiff that he had twenty-one (21) days to respond pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff has responded; accordingly, this matter is now ripe for disposition as to Warden Pearson and Mr. Bendrick.

## I. Background

Plaintiff was incarcerated at PCC during the time period involved in this action. Am. Compl. 3, ECF No. 9. On April 18, 2010, plaintiff "solicited Officer L. Griffin by asking him to bring in tobacco. Some time later[,] he asked the officer to bring in rolling papers. Blackless told Officer Griffin he would pay him one-hundred dollars for each bag of tobacco." Am. Compl. Ex. 1, ECF No. 9-1 at 1; Leabough Aff. Encl. B, ECF No. 48-3 at 1 (affidavit of R.M.

---

[1] Plaintiff names "Sergeant Thweatt" as a defendant; however, she informed the Court that her name is Sergeant Hazel Vaughn. See infra Part IV. Accordingly, the Court will refer to her as Sergeant Vaughn.

Leabough, current Inmate Hearings Officer at PCC). On May 5, 2010, Officer Griffin reported the misconduct to Investigator John Bendrick, who filed a disciplinary charge on May 11, 2010 against plaintiff for Solicitation of Staff Misconduct. Id.

That same day, plaintiff signed the disciplinary offense report, acknowledging that he was informed of the charge and advised of his rights. Id. He indicated that he wished to present witnesses and appear at the disciplinary hearing, requested the services of an advisor, and exercised his right to a twenty-four hour preparation time before the hearing. Id.

Sergeant Vaughn conducted the hearing at PCC on May 14, 2010. Am. Compl. Ex. 1, ECF No. 9-1 at 4; Leabough Aff. Encl. B, ECF No. 48-3 at 2. Plaintiff's evidence consisted only of his own testimony; he did not present documentary evidence or any witnesses. Am. Compl. Ex. 1, ECF No. 9-1 at 4; Leabough Aff. ¶ 10. Sergeant Vaughn found plaintiff guilty of the charge "according to evidence presented by investigation[,]" Am. Compl. Ex. 1, ECF No. 9-1 at 4, and presented by Mr. Bendrick, Leabough Aff. ¶ 10. Plaintiff was sentenced to twenty-five days in isolation, Leabough Aff. ¶ 12. An institutional review of the finding of guilt was conducted on May 17, 2010. Plaintiff received and signed a copy of the disciplinary report and findings of both Sergeant Vaughn and the institutional review officer on May 20, 2010.

Plaintiff appealed the decision to Warden Pearson, who found "neither procedural error nor justifiable reason to overturn the charge" and upheld the decision of Sergeant Vaughn. Leabough Aff. Encl. C, ECF No. 48-3 at 9–16. Plaintiff then appealed to Regional Director Gerald K. Washington, who also upheld the charge. Id. at 1–2.

Plaintiff does not dispute the charge but rather the procedures before and after the disciplinary hearing, alleging that his right to due process was violated because of Mr. Bendrick's delay in placing the disciplinary charge against him. He also alleges due process violations when Sergeant Vaughn allowed Mr. Bendrick to testify and failed to provide an adequate written

disposition; and when Warden Pearson upheld the charge. As relief, plaintiff seeks monetary damages, "an order declaring the procedure a nullity[,]" and declaratory judgments that each defendant violated his constitutional rights.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is

3

appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

A. Due Process Claim

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To prevail on either a procedural or substantive due process claim, inmates must demonstrate that they were deprived of "life, liberty, or property" by governmental action. See Plyler v. Moore, 100 F.3d 365, 374 (4th Cir. 1996).

It is well established that prisoners cannot be subjected to arbitrary discipline by prison officials. See Howard v. Smyth, 365 F.2d 428 (4th Cir. 1966). When a loss of statutory good-time credits or solitary confinement is at issue, the Supreme Court has mandated procedural safeguards for prison disciplinary hearings, including advance written notice of charges, written findings, and an opportunity, when consistent with institutional safety and correctional goals, for the inmate to call witnesses and present evidence in his defense. Wolff v. McDonnell, 418 U.S. 539, 563–67 (1974); Baker v. Lyles, 904 F.2d 925, 929 (4th Cir. 1990). However, prison inmates have no protected liberty interest in the disciplinary hearing "procedures themselves, only in the subject matter to which they are directed." Ewell v. Murray, 11 F.3d 482, 488 (4th Cir. 1993) (emphasis in original). A decision by a prison disciplinary board satisfies due process if there is some evidence in the record to support the board's decision. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Plaintiff's first claim is that that the disciplinary charge is void because Officer Griffin failed to report plaintiff's misconduct until May 5, 2010, seventeen days after the offense

4

occurred. He refers to Operating Procedure 861.1, which requires that a staff member serve an offender with a copy of the institutional charge by midnight of the following working day after the offense has occurred. Am. Compl. Ex. 1, ECF No. 9-1; Leabough Aff. Encl. A, ECF No. 48-3. He alleges that Mr. Bendrick "violated [his] rights by pursuing and initiating time barred charges" and that Warden Pearson "was mandated to dismiss [the charge] for improper procedures on jurisdictional grounds . . . ." Am. Compl. 4, ECF No. 9.

Plaintiff's second claim is that Mr. Bendrick should not have been permitted to testify at the disciplinary hearing in Officer Griffin's place. He asserts that Mr. Bendrick "was allowed to testify and to reference the report given to him by L. Griffin without Griffin being made to appear in person and testify to the report [and to] the facts[,] and to face the accused as mandated in [Operating Procedure] 861.1 section XV subsection C(2)(3) in violation of prisoners [sic] rights . . .".

Violations of prison operating procedures do not implicate federal due process and are not cognizable under § 1983. Riccio v. Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990). Even if they were cognizable, defendants did not violate prison operating procedures, and the joint Motion for Summary Judgment will be granted.

As to the first allegation, the charge is not void, and neither Mr. Bendrick nor Warden Pearson violated Operating Procedure 861.1. In his response to plaintiff's appeal, Regional Director Gerald K. Washington acknowledges that the lapse in time between the date the incident occurred and the date it was reported to Mr. Bendrick is "inexplicable," Leabough Aff. Encl. C, ECF No. 48-3 at 5; however, as plaintiff concedes in his Reply Memorandam, Operating Procedure 861.1 section IX(A) only requires that an offender be provided with a copy of the disciplinary report "by midnight of the following working day from the date the employee has observed <u>or received reliable information</u> that the offense occurred," Am. Compl. Ex. 1, ECF

5

No. 9-1 at 7; Leabough Aff. Encl. A, ECF No. 48-2 at 1 (emphasis added). As Regional Director Washington explained to plaintiff in response to his appeal, Operating Procedure 861.1 section V states that "[a] disciplinary report for [the Solicitation of Staff Misconduct offense] should be written only after the findings of a third party investigation." Leabough Aff. Encl. A, ECF No. 48-1 at 11. After Mr. Bendrick learned of the misconduct on May 5, 2010, he followed procedures by investigating the matter before placing the charge on May 11, 2010. Plaintiff received notice the same day; therefore, the charge did not violate applicable operating procedures.

As to plaintiff's second claim, current Hearings Officer Leabough states in a sworn affidavit that "the employee investigating the incident will serve as the Reporting Officer." Leabough Aff ¶ 6, ECF No. 48-1. Mr. Bendrick, as the investigator, served as the Reporting Officer in the matter and therefore testified at the hearing. Plaintiff would have had to request Officer Griffin's presence as a witness at the hearing by submitting a Witness Request Form pursuant to Operating Procedure 861.1, which he did not do. See Leabough Aff ¶ 8 and Encl. A, ECF No. 48-1.

> In a sworn affidavit plaintiff attaches to his reply brief he explains that he
>
> > requested the services of an "inmates [sic] advisor" whom was documented to assist me with "requesting witness(es)" and "documentary evidence" . . . . [t]he "inmate advisor" was not made available to me until minutes before the hearing, [which] denied me the ability and opportunity to "request" witness(es) and to "request" any documentary evidence, as I was not provided with any notice that I had to request or make any specific demands to anyone to actually confer with an "inmate advisor" prior to the hearing.

Blackless Aff. ¶¶ 10–11, ECF No. 55. Operating Procedure 861.1, with which plaintiff is clearly familiar, states, "[c]opies of the Reporting Officer Response Form, Witness Request Form, and Request for Documentary Evidence will be made available in each housing unit upon <u>request by the offender.</u>" (21) (Part XI.B.2.b) (emphasis added). Therefore, plaintiff was afforded due

6

process, and Mr. Bendrick and Warden Pearson's joint Motion for Summary Judgment will be granted.

B. Qualified Immunity

Because the Court has determined the merits of plaintiff's claims, a discussion as to defendants' qualified immunity arguments is not necessary.

### IV. Sergeant Vaughn

By Order dated December 19, 2012, defendants were sent Notices of Lawsuit and Requests for Waiver of Service of Summons. On January 2, 2013, defendant "Sergeant Thweatt" returned to the Court the Waiver of Service of Summons with the signature "Hazel Vaughn." Because the Court did not understand that Sergeant Hazel Vaughn was formerly Sergeant Hazel Thweatt, it sent another Notice of Lawsuit and Request for Waiver of Service of Summons to "Sergeant Thweatt" by Order dated January 8, 2013. After the Virginia Attorney General's Office informed the Court that "Sergeant Thweatt" no longer works for the Virginia Department of Corrections, the Court ordered the Attorney General's Office to submit the last known forwarding address for "Sergeant Thweatt," which was filed under seal on February 15, 2013. By Order dated February 19, 2013, the Court sent "Sergeant Thweatt" a third Notice of Lawsuit and Request for Waiver of Service of Summons to her home address.

On March 21, 2013, Hazel Vaughn notified the Court that her former name was Hazel Thweatt. Accordingly, the Clerk will be directed to amend the case caption to reflect that the defendant's name should be changed from "Sergeant Thweatt" to "Sergeant Hazel Vaughn." The Court will deem proper Sergeant Vaughn's original response to the first Notice of Lawsuit and Request for Wavier of Service of Summons (Docket #35).

Sergeant Vaughn, however, will be dismissed from this action. Plaintiff alleges that Sergeant Vaughn violated his right to due process by allowing Mr. Bendrick to testify at the

disciplinary hearing and by failing to provide plaintiff with an adequate written disposition of the charge. As previously discussed, it was proper under the Operating Procedure for Mr. Bendrick to testify at the hearing, and plaintiff received a copy of the disciplinary report and findings pursuant to Operating Procedure 861.1. Because Mr. Bendrick and Warden Pearson did not violate plaintiff's right to due process, the claim against Sergeant Vaughn must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[2]

## V. Conclusion

For the above-stated reasons, defendants Bendrick and Pearson's joint Motion for Summary Judgment will be granted, and Sergeant Vaughn will be dismissed for failure to state a claim. An appropriate Order shall issue.

Entered this 8th day of May 2013.

/s/ 
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

---

[2] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.